O. H. GENTRY, Respondent, v. UNITED CITIES
REALTY CORPORATION, Appellant.

**Springfield Court of Appeals, May 19, 1915.**

BROKERS: Commissions: When Entitled to. Plaintiff, a real estate
broker, can maintain an action against the owner of real estate
in his own name for commissions on account of the sale of such
property, although another broker, who, at the suggestion of the
owner, was associated with plaintiff in making the sale, has
released the owner from liability for commissions as to himself.

Appeal from Jasper County Circuit Court, Division
Number Two.—*Hon. David E. Blair,* Judge.

AFFIRMED.

*Spencer & Grayston* for appellant.

Taking plaintiff's own theory, there was at best
only a joint cause of action in the plaintiff and defend-
ant Dangerfield, and therefore plaintiff cannot recover
in the present action at law. Anabel v. McDonald Land
& Mng. Co., 144 Mo. App. 303; Clark v. Noble, 21 Mo.
225; Rainey v. Smizer, 28 Mo. 311, 312; Thieman v.
Goodnight, 17 Mo. App. 435; Culver v. Smith, 82 Mo.
App. 395, 396; Slaughter v. Davenport, 151 Mo. 31;
Butler v. Boynton, 117 Mo. App. 465; Ellis v. Railroad,
130 Mo. App. 225.

*A. L. Thomas* and *Thomas Hackney* for respond-
ent.

The defendant corporation waived any objection
to the nonjoinder of Dangerfield as a party plaintiff.
The petition sets forth fully the facts pertaining to
Dangerfield's connection with the sale and his waiver
of his share of the commission and refusal to join as a

party plaintiff and that he was being made a party defendant for that reason. Neither the defendant corporation or Dangerfield filed a demurrer to the petition but they simply filed a joint answer consisting of a general denial. After having thus pled to the plaintiff's petition, the defendant corporation went to trial and judgment was rendered for the plaintiff. We insist that it is too late for the defendant to now raise this question; that the defendant has waived it by not having demurred or raised the question by special plea. Secs. 1800, 1804, R. S. 1909; Gibson v. Shull, 251 Mo. 480; State ex rel. v. Chemical Works, 249 Mo. 702; Johnson v. United Rys. Co., 247 Mo. 326; State ex rel. v. Fidelity & Guar. Co., 236 Mo. 352; Bryant v. Lazarus, 235 Mo. 606; State ex rel. v. True, 20 Mo. App. 176; Rogers v. Tucker, 94 Mo. 346; Pike v. Martindale, 91 Mo. 268; Rickey v. Ten Broeck, 63 Mo. 563; Loan & Trust Co. v. Brown, 59 Mo. App. 461; Kerr v. Bell, 44 Mo. 120; Duff v. Duff, 156 Mo. App. 247; Guilbert v. Kessinger, 173 Mo. App. 680; Norton v. Reed, 253 Mo. 236; Crowl v. American Linseed Co., 255 Mo. 305; Rideout v. Burkhart, 255 Mo. 116.

ROBERTSON, P. J.—The appellant, a corporation with its office in New York City, owned a lot in Joplin. The plaintiff a real estate agent and a resident of Joplin, on January 9, 1913, telegraphed the appellant for a price and fixing his commission at two and one-half per cent. The appellant answered by telegram on the following day stating that the property was in the hands of a Mr. Dangerfield, a real estate agent and also a resident of Joplin, but stated that "He will doubtless divide commission." The price was fixed by defendant at $75,000. On the 16th of that month plaintiff telegraphed an offer of $65,000 for the property to which the appellant replied by telegram on the same date that $75,000 was the lowest price. On the 20th of that month plaintiff and Dangerfield entered

into a written agreement that if a proposition of $75,000 that day made for the purchase of the property was accepted by appellant that the commission should be divided equally and on the same day the proposed purchaser made an offer to purchase the property for $75,000, which offer was also signed by Dangerfield, wherein it was recited that $2500 on the purchase price had been paid to Dangerfield to be returned in the event that the appellant did not accept the offer. On the 20th Dangerfield telegraphed the appellant that the property was, conditioned on its approval, sold for $75,000 to which the appellant replied by telegram on the following day: "Subject to agreement as to commission, price and terms satisfactory." Dangerfield answered this telegram the same day: "Commission two and one-half per cent." On the same day appellant replied: "Commission satisfactory." After the receipt of this telegram the appellant proceeded to comply with the terms of said offer made by the proposed purchaser. Apparently on account of a defect in the title, the sale was not consummated, but the purchaser on April 28, 1913, in consideration of $2640.84, surrendered, by written release, all of his rights under the offer of purchase and releasing appellant from any claim thereunder and stating therein that said offer *was accepted on behalf of appellant by said Dangerfield.* Included in said consideration for said release was the $2500 paid by the purchaser to Dangerfield. No question is raised here concerning the commission on account of the failure of the appellant to complete the deal.

The appellant having refused to pay plaintiff the one-half of the commission, and Dangerfield refusing to join as plaintiff, this action was brought against Dangerfield and the appellant. It was agreed at the trial that Dangerfield, after the execution of the release by the proposed purchaser, determined not to and did not at the trial make any claim for any commission against

the appellant. A trial without a jury resulted in a judgment against appellant for one-half of the commission and it has appealed.

The points relied on here by the appellant are (1) "that there was no contractual relation between the appellant and the plaintiff," consequently that he has no cause of action against it; (2) that there was no ratification by appellant of the contract made by Dangerfield with the plaintiff for commission, and (3) that the cause of action existing for the commission belongs jointly to the plaintiff and Dangerfield and that therefor plaintiff cannot recover in this case by making Dangerfield a party defendant under section 1733, Revised Statutes 1909.

Upon the appellant receiving the first information from plaintiff that he had a prospective purchaser it is apparent that it was anxious to make the deal, but desired to protect itself against complications and a probable claim of two commissions by referring the plaintiff to its agent Dangerfield and suggesting a division of the commission; this is evidenced by the subsequent precautionary measures taken by the appellant in answering Dangerfield's telegram about the acceptance of the offer which the proposed purchaser had executed to Dangerfield. After this offer was accepted and the appellant advised thereof it yet accepted it "Subject to agreement as to commission." The agreement as to commission could have referred only to the *agreement* had with the plaintiff.

As disclosed by appellant's telegram accepting the purchaser's offer it recognized that an agreement had been made by it whereby plaintiff was to be compensated for his services. Appellant had previously referred the plaintiff to Dangerfield and suggested a division of the commission. This recognized the authority of Dangerfield to make such an agreement and upon that suggestion the plaintiff had a right to rely. It is apparent that it was immaterial to appellant what por-

tion of the commission plaintiff should receive. The appellant's concern was as to the arrangement for the division being made with Dangerfield. This was done in harmony with defendant's suggestion. The matter of plaintiff's compensation was thus left with Dangerfield and presents a case somewhat like that of Warren Commission and Investment Co. v. Hull Real Estate Co., 120 Mo. App. 432, 96 S. W. 1038. To say that the plaintiff in the case at bar, who took the initiative in the sale of the property, should be relegated to the wishes of Dangerfield and governed by his conduct concerning the compensation that is to be paid is in effect leaving the consideration of his compensation to appellant. Appellant accepted the benefits of plaintiff's services, he was referred to Dangerfield for an arrangement as to its amount, he entered into the contract as to his pay, he has rendered, without question, the services covered by these agreements and he has a several and distinct claim against defendant which it must pay.

There appears no reason for holding that plaintiff cannot maintain this action in his own name without Dangerfield joining. Dangerfield, as above stated, has relinquished, without undertaking to release plaintiff's claim, all of his interest in the commission which defendant agreed to pay. Dangerfield has no claim against the defendant and the defendant does not contend that the plaintiff's claim has been destroyed by anything that Dangerfield has done. The defendant and Dangerfield answered jointly by general denial. They alleged no accord and satisfaction. By the agreement in the trial as to Dangerfield's attitude the defendant is relieved of any obligation to him. Defendant claims no satisfaction of plaintiff's claim, hence, there is no reason for philosophizing on the proposition as to when a person must be joined as plaintiff or when he can be made a defendant when he refuses to be made a party plaintiff in the prosecution of a claim in which he has an interest. As this case now stands

plaintiff is the only party interested in the claim and there can be no valid reason given to fortify the holding that he cannot maintain the judgment for the reason that Dangerfield was not joined with him as a plaintiff. As matters now stand plaintiff is the sole and only person interested in the claim for which he has judgment. The defendant is the only other person affected thereby. There appearing no reason for disturbing the judgment, it is affirmed.

*Sturgis* and *Farrington, JJ.,* concur in last paragraph and in result.